IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01598-NYW

DONNAMARIE D. MAEZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This action comes before the court pursuant to Plaintiff's Unopposed Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion for Fees"). [#27, filed December 11, 2015]. Pursuant to the Order of Reference dated April 21, 2015 [#22] and the Order of Reassignment dated February 10, 2015 [#19], this civil action was referred to the Magistrate Judge "for all purposes" pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges and Title 28 U.S.C. § 636(c).[1]

On June 6, 2014, Plaintiff filed a Complaint and Petition for Review of the final decision of Carolyn W. Colvin in her official capacity as acting Commissioner of Social Security, denying Plaintiff's application for Social Security Benefits and Supplemental Security Income Benefits. [#1]. On September 30, 2015, this court affirmed in part Commissioner Colvin's decision and

---

[1] Effective December 1, 2015, the Pilot Program was incorporated into the Local Rules for the District of Colorado. *See* D.C.COLO.LCivR 40.1(c).

remanded the case for further proceedings. [#23]. This court instructed the Administrative Law Judge ("ALJ") on remand "to include Plaintiff's mild-to-moderate limitations to concentration, persistence or pace to the [vocational expert]." [#23 at 20]. The Clerk of the Court entered the judgement in favor of Plaintiff and against Commissioner Colvin in part on October 1, 2015. [#24]. Plaintiff's counsel now requests attorney fees in the amount of $4,800.[2]

## ANALYSIS

Section 2412(d) provides:

a court shall award to a prevailing party other than the United States fees and other expenses…incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In addition, a party seeking an award of fees shall, within thirty days of final judgment in the action, submit to the court an application for fees that shows that the party is a prevailing party and is eligible to receive an award under this subsection, along with the amount sought, "including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified." *Id.* at § 2412(d)(1)(B).

The Motion for Fees asserts that Plaintiff is the prevailing party, and Plaintiff's counsel attached to the Motion for Fees an affidavit and itemized statement stating the actual time

---

[2] While Plaintiff's counsel totals the sum of his fees in his itemized statement as $5,044.97, the Motion for Fees requests the payment of $4,800. *Compare* [#27 at 3] *with* [#27 at 8].

expended and the rate at which fees and other expenses were computed. [#27 at 5-8]. However, the Motion does not allege that the position of the United States was not substantially justified.

As an initial matter, this court finds that the Motion for Fees is timely. In *Melkonyan v. Sullivan*, 501 U.S. 89, 100-02 (1991), the Supreme Court examined what constitutes a "final judgment" for the purpose of determining what triggers the thirty-day period for filing an appeal. *Id.* In doing so, the Court differentiated between an order of the district court that affirms, modifies, or reverses the administrative decision in accordance with sentence four of 42 U.S.C. § 405(g), and an order of the district court that remands the administrative decision "in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision," in accordance with sentence six of § 405(g). *Id.* at 100. A sentence six remand is appropriate only if the claimant shows good cause for failing to present the evidence earlier. *Id.* "In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. *Id.* at 102 (citing § 2412(d)(2)(G)). "In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Id.* The remand of this Social Security appeal can only be a sentence four remand, as this court did not find that Plaintiff had failed to previously present evidence and Plaintiff did not seek to present evidence that had not already been considered or show good cause for the court to make such an allowance.

Accordingly, the October 1, 2015 Judgment is the final judgment in this matter. While a party is generally required to file a notice of appeal within thirty days after the entry of the

judgment, the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States or a United States agency. Fed. R. App. P. 4(a)(1)(B). "The EAJA's 30–day time limit runs from the *end* of the period for appeal, and that period does not begin until a judgment is entered in compliance with the formalities of [Federal Rule of Civil Procedure 58]." *Shalala v. Schaefer*, 509 U.S. 292, 293 (1992). This Motion for Fees, therefore, was filed within the window as required by the Rules.

With regard to Plaintiff's failure to allege that the Government's position was not substantially justified, the Supreme Court has rejected the argument that "§ 2412's waiver of sovereign immunity from liability for fees is conditioned on the fee applicant's meticulous compliance with each and every § 2412(d)(1)(B) requirement within 30 days of final judgment, including the allegation that the United States' position 'was not substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004) ("A failure to make the allegation, therefore, should not be fatal where no genuine doubt exists about who is applying for fees, from what judgment, and to which court.") (citing *Becker v. Montgomery*, 532 U.S. 757, 767 (2001)). In addition § 2412 instructs that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record…which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). This court found that the ALJ's analysis at step five was not substantially justified. *Cf. Hackett v. Barnhart*, 475 F.3d 1166, 1169-71 (10th Cir. 2007) (relying on Court's analysis in *Scarborough* that the "substantially justified" allegation does not serve as an essential notice-giving function and relying on the record that ALJ's mischaracterization of hearing testimony of vocational expert

was not substantially justified in determining that plaintiff was entitled to recover EAJA fees). Finally, the Motion for Fees is not opposed.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Unopposed Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [#27] is **GRANTED**; and

2. Plaintiff's counsel is **AWARDED** attorney's fees in the amount of $4,800.00.

DATED:  December 16, 2015             BY THE COURT:

                                      s/ Nina Y. Wang
                                      Nina Y. Wang
                                      United States Magistrate Judge